# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY F. BERTINO JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TASTY BAKING COMPANY,<br><br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>**(Document Filed Electronically on April 7, 2020)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Anthony F. Bertino Jr. ("Plaintiff") brings this class action lawsuit against Tasty Baking Company ("Defendant"), alleging violations of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11-4.1, *et seq.*

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332.

2. Venue is proper under 29 U.S.C. § 1391.

### PARTIES

3. Plaintiff resides in Hammonton, New Jersey (Atlantic County).

4. Defendant is a corporation maintaining a principal place of business at 4600 South 26th Street, Philadelphia, PA 19112.

### FACTS

5. According to its website, Defendant "offers a complete line of snack cakes, pies, cookies, and donuts available in supermarkets, mass merchandisers, convenience stores and other retailers."

6. Throughout New Jersey, Defendant pays individuals to transport and distribute the snack food products to retail stores customers of Defendant within specific geographic areas designed by Defendant that are referred to as "territories."

7. Defendant enters into contracts with Distributors, such as Plaintiff, who are required to deliver snack food products to Defendant's customers and perform basic product ordering and merchandising tasks pursuant to Defendant's standard operating procedures for the customers in their assigned territory.

8. Plaintiff has worked for Defendant as a Distributor since approximately 1989.

9. The work of Plaintiff and other Distributors is central to Defendant's business. Indeed, Defendant's business – which primarily entails distributing snack foods to retail stores and other customers – could not possibly exist without the Distributors.

10. Plaintiff and other Distributors pick up their snack food products at Defendant's warehouse facilities, report to supervisors at such facilities, and distribute the snack food products to Defendant's customers located in their assigned territories, which are established and defined by Defendant.

11. Defendant has the right to control Distributors' work and, in fact, does exert control over their work.

12. Plaintiff and other Distributors are not engaged in independently established trades, occupations, professions, or businesses. On the contrary, Distributors generally work exclusively for Defendant.

13. Defendant has made various withholdings from the pay owed to Plaintiff and other Distributors for the transportation and distribution services they perform for Defendant in their assigned territories. Many of the withholdings are itemized on weekly "settlement sheets"

and include without limitation, for example, hand held computer charges, administrative fees, and insurance payments.

14. In addition, Defendant has diverted the pay owed to Plaintiff and other Distributors for the transportation and distribution of Defendant's snack products by requiring Distributors to cover business expenses they incur performing these services for Defendant. These expenses include without limitation, for example, gas expenses, tolls, vehicle maintenance repairs and upkeep, and insurance payments.

15. Plaintiff estimates that, during the six-year period applicable to this lawsuit, Defendant has subjected him to pay withholdings and diversions totaling over $75,000.00.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of a class consisting of individuals who, either individually or through a closely held corporation, performed worked for Defendant as a Distributor in New Jersey within the past six years.

17. Class action treatment of this action is appropriate because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a) The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b) Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

(c) Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

(d)     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies, as described herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## New Jersey Wage Payment Law

18.     All previous paragraphs are incorporated as though fully set forth herein.

19.     Plaintiff and the class members are employees entitled to the NJWPL's protections.

20.     Defendant is an employer required to pay Plaintiff and the class members in accordance with the NJWPL.

21.     The NJWPL generally provides that "[n]o employer may withhold or divert any portion of an employee's wages." See N.J.S.A. §§ 34:11-4.4. The types of wage withholdings/diversions described in paragraphs 13-15 *supra* are not exempted from this general prohibition.

22.     Defendant has violated the NJWPL by subjecting Plaintiff and other class members to the wage withholdings/diversions in violation of the NJWPL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and other class members:

A. Class certification under Rule 23 of the Federal Rules of Civil Procedure;

B. Payments equaling the value of all improper wage withholdings/diversions;

C. All available penalties, liquidated damages available under New Jersey law including without limitation the New Jersey Wage Theft Act, and pre- and post-judgment interest, and

D. Attorney's fees and litigation expenses; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  April 7, 2020

*[signature: Charles J. Kocher]*

Simon B. Paris (NJ ID # 049821996)
Patrick Howard (NJ ID # 022802001)
Charles J. Kocher (NJ ID # 016952004)
Saltz, Mongeluzzi, & Bendesky, P.C.
120 Gibraltar Road, Suite 218
Horsham, PA 19044
Phone:  (215) 575-3985
Facsimile:  (215) 754-4443
sparis@smbb.com
phoward@smbb.com
ckocher@smbb.com

*Attorneys for Plaintiff and the Proposed Class*